IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGEL GABRIEL OLGUIN,

      Petitioner,

vs.                                     No. CV 21-00327 KG/LF

STATE OF NEW MEXICO,

      Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition for Writ of Habeas Corpus filed by Petitioner, Angel Gabriel Olguin (Doc. 1). It appears on the face of the Petition that Petitioner Olguin has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b) prior to commencing a habeas corpus proceeding in federal court. The Court issued an Order to Show Cause on the exhaustion issue and Petitioner has not responded to the Order. Therefore, the Court will dismiss the Petition without prejudice for failure to exhaust state court remedies.

Petitioner Angel Gabriel Olguin is a prisoner in state custody. (Doc. 1 at 1). Olguin was convicted in state court on August 6, 2014, and began serving probation on February 29, 2016.[1] His probation has been revoked multiple times, including, most recently, on March 26, 2021. On that date, the state district court entered an Amended Judgment committing Olguin to the custody

---

[1] The Court has reviewed the official record in Olguin's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records in State of New Mexico case no. D-504-CR-2013-00443. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion).

of the New Mexico Department of Corrections for a term of 9 years, with credit for time served of 7 years and 147 days. At the time he filed his Petition, Olguin had not filed any appeal from the Amended Judgment.

In this Court, Olguin seeks habeas corpus relief from the Amended Judgment under 28 U.S.C. § 2254. (Doc. 1 at 5-6). Section 2254 requires that a petitioner exhaust his available state court remedies prior to proceeding in federal court. 28 U.S.C. § 2254(d). Petitioner Olguin indicates, on the face of his Petition, that he has not exhausted his state remedies as of the filing of the Petition. (Doc. 1 at 2-3, 4). On April 13, 2021, the Court entered an Order to Show Cause, directing Petitioner Olguin to show cause within 30 days why the Petition should not be dismissed for failure to exhaust his state court remedies. (Doc. 3). More than 30 days has elapsed and Petitioner has not shown cause or responded to the Court's Order.

The issue of exhaustion of state court remedies is a threshold question that must be addressed in every habeas case. By statute, federal habeas relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Under § 2254(b), a prisoner in state custody must exhaust his available state court remedies before he may proceed with a habeas corpus petition in this Court. For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be "fairly presented to the state courts" in order to give state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast v. Clements,* 699 F.3d 1182, 1184 (10th Cir. 2012) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)).

The exhaustion doctrine began as a judicially crafted instrument and was then codified in 1948. The doctrine reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a "swift and imperative remedy in all cases of illegal restraint or confinement." *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 490 (1973) (quoting *Secretary of State for Home Affairs v. O'Brien,* [1923] A.C. 603, 609 (H.L.)). While the exhaustion doctrine advances several interests, it is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. *Rose v. Lundy,* 455 U.S. 509, 518 (1982); *see also Deters v. Collins,* 985 F.2d 789, 794 (5th Cir.1993). Federal courts apply the exhaustion doctrine as a matter of comity. The federal court should defer action on causes properly within its jurisdiction until the courts of the forum state with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. *Rose,* 455 U.S. at 518.

Because exhaustion is based on principles of comity, it is not jurisdictional. *Patterson v. Leeke,* 556 F.2d 1168, 1170 (4th Cir. 1977). There is a strong presumption in favor of requiring a state prisoner to pursue his available state remedies, but his failure to do so is not an absolute bar to appellate consideration of his claims." *Granberry v. Greer,* 481 U.S. 129, 131(1987). Where state procedural obstacles preclude an effective state remedy against unconstitutional convictions, federal courts may grant relief in the collateral proceeding without requiring exhaustion. *Bartone v. United States,* 375 U.S. 52, 54 (1963). *See also Harris v. Champion*, 15 F.3d 1538, 1554–55 (10th Cir. 1994); *Hankins v. Fulcomer,* 941 F.2d 246, 250 (3d Cir.1991).

However, the general rule under 28 U.S.C. § 2254(b)(1) is that habeas corpus relief may not be granted unless the applicant has exhausted the remedies available in the state courts. The exhaustion requirement is satisfied only if the federal issue has been properly presented to the

highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). Federal courts are not to grant a writ of habeas corpus unless the prisoner has given the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *Tanguma v. Golder*, 177 F. App'x 829, 830 (10th Cir. 2006). Before seeking a federal court remedy, then, a state prisoner must exhaust his remedies in state court, demonstrate that there is an absence of available state remedies, or show that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). A habeas petitioner bears the burden of demonstrating that he has exhausted his available state remedies. *McCormick v. Kline,* 572 F.3d 841, 851 (10th Cir. 2009).

Section 2254(b) (1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. Olguin has provided no evidence that the state's corrective process is incapable of protecting his rights. To the contrary, at the time he filed his Petition, the time for Olguin to appeal from the state court's Amended Judgment had not yet expired and there is no indication that Olguin even attempted to appeal from the Amended Judgment. Nor is there any suggestion that Olguin is somehow excused from the exhaustion doctrine. *See O'Sullivan v. Boerckel,* 526 U.S. at 845.

Where, as in this case, it is clear from the face of the petition that the prisoner has not satisfied the exhaustion requirement, the petition should be dismissed without prejudice for lack of exhaustion. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition"); *Bland v. Sirmons,* 459 F.3d 999, 1012 (10th Cir. 2006).

Therefore, the Court will dismiss the Petitioner without prejudice for failure to exhaust state court remedies under 28 U.S.C. § 2254(d).

Also pending before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Petitioner Olguin (Doc. 2). The Court will grant the Application to Proceed.

IT IS ORDERED:

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs filed by Petitioner Olguin (Doc. 2) is GRANTED; and

(2) the Petition for Writ of Habeas Corpus filed by Petitioner, Angel Gabriel Olguin (Doc. 1) is DISMISSED without prejudice for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(d).

_____
UNITED STATES DISTRICT JUDGE